IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00081-MR

| | |
|---|---|
| CHARLES ALAN FANCHER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ERIK A. HOOKS, Secretary of )<br>Department of Public Safety,[1] )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1]; the Petitioner's Motions to Proceed in Forma Pauperis [Docs. 2, 9]; and the Petitioner's other miscellaneous motions. [Docs. 8, 10, 12, 13].

I. **BACKGROUND**

Charles Alan Fancher (the "Petitioner") is a prisoner of the State of North Carolina who convicted on March 15, 2018 in Clay County Superior

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and he has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Erik A. Hooks, the current Secretary of Public Safety, is the proper respondent in this action.

Court on one count of driving left of center, one count of driving while impaired, one count of assault with a deadly weapon with intent to kill, two counts of misdemeanor assault with a deadly weapon, and three counts of assault with a deadly weapon on a government official. State v. Fancher, 266 N.C. App. 618, 619, 830 S.E.2d 705, 706 (2019).

The Petitioner appealed to the North Carolina Court of Appeals. [Doc. 1 at 2]. On August 26, 2019, the North Carolina Court of Appeals affirmed the trial court. Fancher, 266 N.C. App. at 618, 830 S.E.2d at 705. The Petitioner did not seek review in the North Carolina Supreme Court. [Doc. 1 at 2]. On March 31, 2020, the Petitioner filed the present habeas petition. [Doc. 1-2 at 1].

## II. DISCUSSION

The Court first considers the Petitioner's Motions to Proceed in Forma Pauperis [Docs. 2, 9]. Based on the information provided by the Petitioner, the Court is satisfied that the Petitioner does not have sufficient resources with which to pay the filing fee for this matter. Therefore, Plaintiff's in forma pauperis motion will be granted.

The Court next considers the Petitioner's habeas petition. In reviewing that petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs the district

court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). In North Carolina, a petitioner may satisfy the exhaustion requirement by directly appealing his conviction and/or sentence to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a post-conviction Motion for Appropriate Relief ("MAR") in the trial court and then petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422. The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

Based on the information submitted by the Petitioner, it does not appear that the Petitioner presented his claims to the North Carolina

3

Supreme Court or filed an MAR with the Clay County Superior Court. As such, the Petitioner has not carried his burden to show that he exhausted his state court remedies before bringing the present habeas petition. See Breard, 134 F.3d at 619. Accordingly, the Court will dismiss the Petitioner's habeas petition without prejudice to re-filing upon proper exhaustion.

The Petitioner has filed several miscellaneous motions requesting discovery, copies of evidence, exoneration, and an order to "ward off any frivolous and untrue statements" by the State of North Carolina. [Docs. 8, 10, 12, 13]. Because the Petitioner's habeas petition will be dismissed, those motions will be denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

# O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1) The Petitioner's Motions to Proceed in Forma Pauperis [Docs. 2, 9] are **GRANTED**.

(2) The Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

(3) The Petitioner's other miscellaneous motions [Docs. 8, 10, 12, 13] are **DENIED**.

(4) The Clerk of Court is respectfully directed to substitute Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

(5) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 11, 2020

Martin Reidinger
Chief United States District Judge

5

Case 1:20-cv-00081-MR   Document 14   Filed 11/12/20   Page 5 of 5